857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene KRULOCK, Plaintiff-Appellant,
v.
Robert GOWESKY; Robert Gowesky, d/b/a Bob's Truck and Auto
Repair and d/b/a Body Shop; Chrysler Corporation, A
Domestic Corporation; City of Warren, A Municipal
Corporation; City of Sterling Heights, A Municipal
Corporation; Gerald Myny; Jeffrey Pilieri; James Vohs;
Ronald Dalpra; and John Carion, Jointly and Severally,
Defendants-Appellees.
 No. 87-1843.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1988.
 
 Before ENGEL, Chief Judge, NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Eugene Krulock appeals a judgment of the United States District Court for the Eastern District of Michigan granting defendants' motion to dismiss his twelve-count civil complaint in which he alleged malicious prosecution, defamation, fraud, RICO violations, concealment of the evidence, intentional infliction of emotional distress, tortious interference with contract, and violations of civil rights.
 
 
 2
 Krulock's case arises out of his arrest for possession of a stolen car and carrying a concealed weapon and his subsequent termination from employment at Chrysler due to this arrest. All of Krulock's various causes of action challenge the investigating officers' heavy reliance on an informant named Gowesky. Specifically, Krulock alleges that Gowesky sold him the stolen car but assured him that it was not stolen, and thus Gowesky is the actual guilty party. Krulock further contends that the officers conspired with Gowesky on other illegal matters and therefore kept the investigation focused on Krulock to protect their and Gowesky's interests in these other illegal activities. Since Krulock's arrest, the stolen automobile charge has been dropped because the owner refused to sign a complaint, but the concealed weapon charge is still pending. Krulock subsequently filed suit in the district court arguing that Gowesky, the various police officers, municipalities, and Chrysler conspired to deprive him of his civil rights and to have him arrested and fired from his employment.
 
 
 3
 In a particularly clear and well reasoned opinion delivered orally from the bench on July 2, 1987, United States District Judge Horace W. Gilmore dismissed the action with regard to all defendants except Gowesky, and remanded the fraud claim against Gowesky to state court. Krulock does not appeal the district court's order remanding his fraud claim against Gowesky, but does appeal the judgment dismissing his suit against the other defendants and renews all arguments made before the district court with the exception of the RICO claim. Krulock also argues that Judge Gilmore should not have ruled on the merits of other state claims not remanded, because the federal claims which provided the basis for pendent jurisdiction were disposed of before trial.
 
 
 4
 In the context of this litigation, we are of the opinion that Judge Gilmore did not err in reaching those state issues which were clearly intertwined with the federal issues and the disposition of which involved the same undisputed material facts and allegations involved in the federal claims. Our court has traditionally afforded the district judge considerable discretion in making determinations that materially and properly hasten termination of the litigation and save the parties the expense which would otherwise be connected with a fruitless remand. Gray v. International Association of Heat & Frost Insulators and Asbestos Workers, Local No. 51, 447 F.2d 1118, 1120 (6th Cir.1971).
 
 
 5
 With respect to plaintiff's civil rights claims against the individual officers, we are fully satisfied from the record that they were entitled as a matter of law to an immunity of good faith. Ross v. Consumers Power, 420 Mich. 567, 659-60 (1984). Thus, while the trial judge appears to have been correct in ruling as a matter of law that there was no concealment, any reservation which might exist concerning whether the statute of limitations was tolled as to these officers by reason of concealment is rendered immaterial in view of their plain entitlement to this immunity.
 
 
 6
 For these reasons and for all of the other reasons set forth upon the record in open court by Judge Gilmore, the judgment of the district court is AFFIRMED.